1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MATHEW-ALLEN McCASTER,                    No.  2:24-cv-03161-TLN-SCR

12              Plaintiff,

13         v.                                    ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14    FRANCHISE TAX BOARD, et al.,

15              Defendants.

16

17          Plaintiff is proceeding pro se in this action.  This matter was accordingly referred to the

18    undersigned pursuant to Local Rule 302(c)(21).  Plaintiff has filed a motion for leave to proceed

19    in forma pauperis ("IFP") (ECF No. 2), which is incomplete.  Plaintiff has also filed a complaint,

20    motion for preliminary injunction (ECF No. 3), a combined First Amended Complaint ("FAC")

21    and motion for preliminary injunction (ECF No. 4), and a motion for summary judgment (ECF

22    No. 5).  The Court directs Plaintiff to supplement his motion for IFP, and recommends the other

23    motions be denied and Plaintiff be allowed leave to file a Second Amended Complaint.

24                                      I.  SCREENING

25         A.    Legal Standard

26          The federal IFP statute requires federal courts to dismiss a case if the action is legally

27    "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

28    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In

1

1    reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

2    Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

3    policies/current-rules-practice-procedure/federal-rules-civil-procedure.

4           Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and

5    plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

6    court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

7    to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief

8    sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.

9    Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in

10   the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),

11   Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

14   court will (1) accept as true all of the factual allegations contained in the complaint, unless they

15   are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

16   plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von*

17   *Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert.*

18   *denied*, 564 U.S. 1037 (2011).

19          The court applies the same rules of construction in determining whether the complaint

20   states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court

21   must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must

22   construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

23   less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520

24   (1972).  However, the court need not accept as true conclusory allegations, unreasonable

25   inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618,

26   624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

27   to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*,

28   556 U.S. 662, 678 (2009).

1    To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

2    state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has

3    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

4    reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

5    678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

6    to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v.*

7    *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

8    B.    Plaintiff's Complaint and First Amended Complaint

9    Plaintiff filed his original complaint on November 11, 2024.  ECF No. 1.  The original

10    complaint named three defendants: 1) Franchise Tax Board of the State of California ("FTB"); 2)

11    Kern County Assessor-Recorder's Office; and 3) Jonathon Chen, Auditor.  ECF No. 1 at 2.

12    Plaintiff alleges he is the Chief of the Mathias El Tribe and that Kern County has imposed

13    property taxes, and the FTB "attempted to tax me in my official capacity as Chief." *Id.* at 4.

14    Plaintiff sought declaratory and injunctive relief to prevent the taxation. *Id.*

15    Plaintiff also filed a three-page motion for preliminary injunction (ECF No. 3) that was

16    not supported by any evidentiary exhibits or declarations.  The motion sought to prevent Kern

17    County and the FTB "from imposing or collecting taxes on the Mathias El Tribe's land or on

18    myself in my official capacity." ECF No. 3 at 3.

19    Prior to the screening of the original complaint, on December 17, 2024, Plaintiff filed the

20    FAC.  By operation of procedural rules, Plaintiff was allowed to amend once as a matter of course

21    at that phase of the case. Fed. R. Civ. P. 15(a).  The FAC is now the operative complaint.  The

22    FAC alleges that on December 1, 2024, Kern County discontinued Medi-Cal benefits for Plaintiff

23    and his two children.  ECF No. 4 at 1.  Plaintiff asserts that because this termination occurred

24    during the pendency of this litigation it "suggests retaliatory motives." ECF No. 4 at ¶ 6.

25    Plaintiff alleges violation of the Indian Health Care Improvement Act. *Id.* at 2.  All of the

26    allegations in the FAC appear to be directed at Kern County, and not at the FTB or Mr. Chen,

27    who were defendants in the original complaint.  Plaintiff seeks injunctive relief in the form of

28    ordering Kern County to "reinstate Medi-Cal services" for Plaintiff and his children. *Id.* at 3.

3

C.    Analysis

The primary relief requested in the FAC is to have this Court order Kern County to reinstate Plaintiff's state health care benefits.  ECF No. 4 at 3.  This appears entirely different than the relief sought in Plaintiff's motion for summary judgment ("MSJ").  ECF No. 5.  In the MSJ, Plaintiff seeks a declaration that Mathias El Tribe is an eligible Indian tribe, an affirmation that the tribe has sovereign immunity, and that neither the tribe nor Plaintiff personally can be taxed.  ECF No. 5 at 2.  This relief requested in the MSJ relates to the allegations in the original complaint, which Plaintiff has abandoned by filing the FAC.  *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an amended complaint, the amended complaint supercedes the original, the latter being treated thereafter as non-existent.").

The FAC is deficient in several ways.  First, the intended Defendants are unclear.  There is no caption, and no clear listing of Defendants, thus the FAC does not comply with Federal Rule of Civil Procedure 10(a).  As mentioned above, it appears Plaintiff is making allegations against Kern County.  Second, the FAC does not sufficiently plead a basis for federal jurisdiction as required by Rule 8(a)(1).  Plaintiff mentions "federal law," "treaty obligations," and the Indian Health Care Improvement Act, but it is not clear what Plaintiff's claim is, or the jurisdictional basis for it.  Third, Plaintiff is proceeding pro se, but it appears that he is attempting to assert claims on behalf of others.  The original complaint listed the Plaintiff as the "Mathias El Tribe." ECF No. 1 at 2.  The FAC at times refers to Plaintiff**s**, plural, and Plaintiff also seeks injunctive relief also for his two children.  ECF No. 4 at 1, 3.  Plaintiff cannot represent the tribe, or his children, pro se.  *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.").  The Ninth Circuit in *Johns* went on to specifically state, "we hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Id.* at 877.

The FAC thus does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) as it does not contain a "short and plain" statement setting forth the grounds for federal jurisdiction, or a short and plain statement showing Plaintiff's entitlement to relief.  The exact nature of Plaintiff's

4

1    claim is unclear from his pleadings.  As described above, the claims are different in the original

2    complaint and FAC, and the MSJ appears to be based on the original complaint.  Moreover, to the

3    extent that Plaintiff is seeking an order from this Court to compel the FTB to do something, his

4    claim may be barred by the Eleventh Amendment.  "The Eleventh Amendment of the United

5    States Constitution prohibits federal courts from hearing suits brought by private citizens against

6    state governments, without the state's consent." *Natural Resources Defense Council v. Cal. Dept.*

7    *of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996).  This immunity "extends to state agencies and to

8    state officers, who act on behalf of the state and can therefore assert the state's sovereign

9    immunity." *Id.*  There is a limited exception to this immunity where the action is brought against

10   a state officer alleging a violation of federal law and seeking prospective injunctive relief.  *Id*. at

11   422.

12          Additionally, Plaintiff has previously filed an action seeking some of the same relief as

13   sought herein, *see* Case No. 1:24-cv-00090-KES-CDB (Case 24-90).  That action purported to be

14   on behalf of the Mathias El Tribe and the complaint alleged no facts and did not seek clear relief.

15   *See* ECF No. 1, Case 24-90.  The Magistrate Judge issued findings and recommendations that the

16   action be dismissed without leave to amend.  ECF No. 6, Case 24-90.  Judge Sheriff adopted the

17   recommendations and the action was dismissed on September 30, 2024.  ECF No. 9, Case 24-90.

18   Approximately six weeks later, Plaintiff filed this action.

19          The complaint does not establish this court's jurisdiction, does not comply with Rule 8,

20   and fails to state a claim on which relief may be granted.  However, Plaintiff is proceeding pro se

21   and a pro se litigant should be given leave to amend unless it is absolutely clear that the

22   deficiencies cannot be cured by amendment.  *Akhtar*, 698 F.3d at 1212 (9th Cir. 2012).  Given the

23   prior dismissal of Case No. 24-90, it may be that the Court should not grant leave to amend.

24   However, given the lack of clarity in the pleadings as to the instant claims, or even the intended

25   defendants, the Court recommends Plaintiff be allowed an opportunity to amend to allege facts

26   supporting a cognizable cause of action and address the deficiencies set forth herein.  To the

27   extent Plaintiff seeks to demonstrate that he is the leader of an Indian tribe, he must plead specific

28   facts explaining that role and the tribe's background and not rely on conclusory allegations.

1              II.  AMENDING THE COMPLAINT

2          If Plaintiff chooses to amend the complaint, the amended complaint must allege facts

3    establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain

4    statement of Plaintiff's claims.  The amended pleading must be clearly labeled as the "Second

5    Amended Complaint" (hereafter "SAC").  The SAC must clearly identify the defendants.  Rule

6    10(a).  The allegations of the SAC must be set forth in sequentially numbered paragraphs, with

7    each paragraph number being one greater than the one before, each paragraph having its own

8    number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph

9    should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above,

10   forms are available to help plaintiffs organize their complaint in the proper way.  They are

11   available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or

12   online at www.uscourts.gov/forms/pro-se-forms.

13         The SAC must not force the Court and the defendants to guess at what is being alleged

14   against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming

15   dismissal of a complaint where the district court was "literally guessing as to what facts support

16   the legal claims being asserted against certain defendants").  The SAC should contain specific

17   allegations as to the actions of each named defendant.

18         Also, the SAC must not refer to a prior pleading in order to make Plaintiff's SAC

19   complete.  An amended complaint must be complete in itself without reference to any prior

20   pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes

21   the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438,

22   456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6

23   C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).

24   Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

25   of each defendant must be sufficiently alleged.

26         Additionally, as set forth above, Plaintiff cannot proceed pro se on behalf of an entity,

27   such as the tribe, or on behalf of his minor children.  Therefore, the amended complaint should

28   contain only his own claims, unless he has obtained counsel.

6

III.  PLAINTIFF'S MOTIONS

A.  <u>Motion to Proceed In Forma Pauperis (ECF No. 2)</u> – Plaintiff's motion appears incomplete in that he appears to have answered every question with zero.  Plaintiff states that he has zero income, zero cash on hand, and zero assets.  However, he has also left the portion of motion blank as to his total monthly expenses, and totals his expenses as zero.  Additionally, these allegations of zero income and zero assets appear inconsistent with the allegations of the original complaint.  In the complaint, Plaintiff references property taxes and sought an injunction to prevent the FTB from imposing tax obligations on him.  ECF No. 1 at 4.  If Plaintiff has zero income, it would seem unnecessary to file litigation to prevent taxation.

B.  <u>Motion for Preliminary Injunction</u> (ECF No. 3) – Plaintiff's motion for preliminary injunction seeks an injunction to stop the FTB or Kern County from collecting taxes against Plaintiff or Mathias El Tribe.  ECF No. 3 at 3.  This motion is based on the original complaint, which Plaintiff has superseded by filing a FAC that focuses on other issues concerning Medi-Cal insurance.  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  A plaintiff seeking a preliminary injunction must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). A plaintiff may also prevail by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).  Plaintiff's motion for a preliminary injunction is based on the allegations in the original complaint, which was not screened, and which Plaintiff abandoned by filing a FAC.  Plaintiff has not demonstrated a likelihood of success on the merits. *See Arc of Cal. v. Douglas*, 757 F.3d 975, 993–94 (9th Cir.2014) (irreducible minimum for preliminary injunction is that moving party demonstrate a fair chance of success on the merits, citing *E & J Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir.2006)).

The Court recommends the motion for preliminary injunction (ECF No. 3) be DENIED.

C. <u>Motion for Preliminary Injunction</u> (ECF No. 4) – Plaintiff's FAC is also styled as a motion for preliminary injunction.  In addition to the FAC failing to make a showing of likelihood of success on the merits, Plaintiff fails to comply with the Local Rules.  Local Rule 231 governs motions for preliminary injunction, and subsection (d)(2) provides:

> (d)(2) **Accompanying Documents**. All motions for preliminary injunction shall be accompanied by (i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with a provision for a bond. See L.R. 230, 151.

Plaintiff has asked for a preliminary injunction within his FAC and fails to comply with any of the requirements of Local Rule 231(d)(2).  The Court recommends the request for preliminary injunction contained within the FAC (ECF No. 4) be DENIED.

D. <u>Motion for Summary Judgment</u> (ECF No. 5) – Plaintiff's MSJ is premature.  The FAC has not passed screening and no defendant has been served.  Further, Plaintiff appears to be seeking summary judgment on the claims of the original complaint, rather than on the claims in the FAC.  Plaintiff's MSJ also fails to comply with the requirements of Local Rule 260.  The Court recommends the MSJ (ECF No. 5) be DENIED.

## III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff shall supplement his motion to proceed in forma pauperis (ECF No. 2) to address the deficiencies described herein **within 14 days of the date of this order**.  Alternatively, Plaintiff may pay the filing fee.

2. If Plaintiff does not supplement the application or pay the filing fee within 14 days, the Court will recommend the IFP motion be denied.

**IT IS FURTHER RECOMMENDED THAT**:

1. Plaintiff's FAC (ECF No. 4) be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and Plaintiff be allowed leave to amend;

2. Plaintiff be directed to file any Second Amended Complaint within 21 days of the order adopting these recommendations;

3. Plaintiff's motions for injunctive relief (ECF Nos. 3 and 4) be DENIED; and

4. Plaintiff's motion for summary judgment (ECF No. 5) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: June 3, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE