UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW-ALLEN McCASTER, | No. 2:24-cv-03161-TLN-SCR |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| FRANCHISE TAX BOARD, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this action. This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff filed an incomplete motion for leave to proceed in forma pauperis ("IFP") (ECF No. 2). Plaintiff was directed to supplement the motion for IFP within 14 days in a June 4, 2025 Order and Findings and Recommendation ("F&R"). ECF No. 6 at 8. Plaintiff was advised that if he did not supplement the motion or pay the filing fee within 14 days "the Court will recommend the IFP motion be denied." *Id*. Plaintiff did not file a supplement or pay within 14 days, but 21 days later filed objections to the June 4, 2025 order and a declaration re: IFP status. ECF No. 7 and 8. On July 7, 2025, Judge Nunley issued an Order adopting the F&R which directed Plaintiff to file a Second Amended Complaint ("SAC") within 21 days. Plaintiff did not file a SAC, but instead filed a meritless motion to vacate judgment (ECF No. 11).

////

1

The Court will now direct Plaintiff to show cause why the action should not be dismissed for Plaintiff's failure to comply with Court orders. *See* Fed. R. Civ. P. 41(b); Local Rule 110.

### A. In Forma Pauperis Status

Plaintiff filed a motion to proceed IFP (ECF No. 2), but the form was largely left blank. The Court ordered Plaintiff to supplement his motion for IFP to address the deficiencies described in the Court's order. ECF No. 6. Plaintiff then submitted a declaration which did not list his income and expenses, but instead states he does "not receive any taxable income as defined by federal law" because Plaintiff alleges he is not subject to taxation. ECF No. 8 at ¶ 1. He also states that other "personal or tribal financial resources" have been wrongfully seized by the California Franchise Tax Board. *Id.* at ¶ 2. He again declares he cannot pay the filing fee, but has not provided the requested information.

As the Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* Plaintiff has provided insufficient information in support of his motion and has not complied with the Court's order to supplement the motion. Plaintiff has also not paid the filing fee. Plaintiff's action thus may not proceed. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999) ("An action may proceed despite failure to pay the filing fees only if the party is granted IFP status.").

### B. Failure to File a Second Amended Complaint

On July 7, 2025, Judge Nunley issued an Order adopting the F&R which dismissed Plaintiff's First Amended Complaint (FAC) for failure to state a claim, and further provided that "Plaintiff is directed to file any Second Amended Complaint within 21 days of the date of this order." ECF No. 10 at 2. Plaintiff's SAC was due by July 28, 2025. Plaintiff did not file a SAC, but instead on July 24, 2025 filed a motion to vacate judgment citing to Federal Rule of Civil Procedure 60.

////

////

1  The motion is improper as no judgment has been entered in this action. Plaintiff complains of the Court's July 7, 2025[1] order which granted him leave to file a SAC. The motion appears to argue that the Court lacks subject matter jurisdiction and requests that action be converted into one for declaratory judgment. ECF No. 11 at 4. Plaintiff argues the order should be void because he did not receive it until July 10, eight days after the date it was signed, and he also states that he operates on "Tribal Time." *Id*. at 4. Plaintiff continues to assert that this Court lacks jurisdiction, arguing that the Court "acted beyond its statutory and constitutional authority by asserting jurisdiction over a matter falling squarely within the exclusive jurisdiction of a sovereign tribal court." *Id.* at 6. Plaintiff previously filed a "Notice of Jurisdictional Removal" (ECF No. 9), in which he appears to seek the "[i]mmediate dismissal or stay of this case due to lack of jurisdiction." ECF No. 9 at 2. All of this is puzzling because Plaintiff initiated this action in this Court. Plaintiff's assertions that the Court lacks jurisdiction also run contrary to the assertions he made concerning federal question jurisdiction in his initial complaint. ECF No. 1 at 3. If Plaintiff believes the Court lacks subject matter jurisdiction, Plaintiff is free to voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(1).

Plaintiff's FAC was dismissed for failure to state a claim. ECF No. 10. Plaintiff has chosen not to comply with the Court's order to file a SAC. Plaintiff has also not complied with the Court's order to supplement his IFP motion. Instead, Plaintiff has filed a meritless motion to vacate which argues the Court lacks subject matter jurisdiction over this action.

Good cause appearing, IT IS HEREBY ORDERED:

1. **Plaintiff shall show cause, in writing, within 14 days**, why the failure to file a Second Amended Complaint and to supplement the motion to proceed IFP should not result in a recommendation that this case be dismissed.

2. Plaintiff may respond by filing a seconded amended complaint and supplement to the motion to proceed IFP in compliance with the Court's prior orders. ECF Nos. 6 & 10.

3. If Plaintiff fails to respond, the court will recommend dismissal of this case. *See* Fed.

---

[1] Plaintiff refers to the July 2, 2025 order, as the order is dated July 2, 2025, but it was not docketed until July 7, 2025 after the holiday weekend.

R. Civ. P. 41(b); Local Rule 110.

4. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: October 23, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE