1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

MATHEW-ALLEN McCASTER,                    No.  2:24-cv-03161-TLN-SCR

12

Plaintiff,

13

v.                                        FINDINGS AND RECOMMENDATIONS

14

FRANCHISE TAX BOARD, et al.,

15

Defendants.

16
17

     Plaintiff is proceeding pro se in this action.  This matter was accordingly referred to the

18

undersigned pursuant to Local Rule 302(c)(21).  Plaintiff has not responded to the Court's Order

19

to Show Cause issued on October 24, 2025, and the Court now recommends that the motion for

20

leave to proceed in forma pauperis ("IFP") (ECF No. 2) be denied and this action dismissed.

21

     I.     **Background and Procedural History**

22

     Plaintiff filed his complaint and a motion to proceed IFP on November 14, 2024.  Plaintiff

23

then also filed a First Amended Complaint ("FAC"), motion for preliminary injunction, and

24

motion for summary judgment.  ECF Nos. 3, 4, & 5.  The Court issued an Order and Findings and

25

Recommendations ("F&R") which screened the FAC pursuant to 28 U.S.C. § 1915(e) and

26

addressed all pending motions.  ECF No. 6.  The F&R stated that Plaintiff's motion to proceed

27

IFP was incomplete and directed Plaintiff to supplement within 14 days.  ECF No. 6 at 7-8.  The

28

1  F&R recommended that all other pending motions be denied, and that the FAC be dismissed with

2  leave to amend.  *Id*. at 8-9.  Plaintiff objected to the F&R, and on July 7, 2025, it was adopted in

3  full.  ECF No. 10.

4       Judge Nunley's order adopting the F&R directed Plaintiff to file a second amended

5  complaint ("SAC") within 21 days.  Plaintiff did not file a SAC, but instead filed a motion to

6  vacate on July 24, 2025.  ECF No. 11.  On October 24, 2025, this Court issued an Order to Show

7  Cause ("OSC") which directed Plaintiff to show cause, in writing, within 14 days "why the failure

8  to file a Second Amended Complaint and to supplement the motion to proceed IFP should not

9  result in a recommendation that this case be dismissed."  ECF No. 12 at 3.  The OSC further

10  cautioned that if Plaintiff failed to respond, the Court would recommend dismissal of the case and

11  cited Federal Rule of Civil Procedure 41(b) and Local Rule 110.  *Id*. at 3-4.  Plaintiff failed to

12  respond to the OSC and has not properly supplemented his motion to proceed IFP or filed a SAC.

13       **II.    Analysis**

14       Plaintiff has not properly supplemented his motion to proceed IFP, has not filed a SAC,

15  and failed to respond to the Court's OSC.  Plaintiff was warned that failure to respond would lead

16  to a recommendation that the action be dismissed.  ECF No. 12 at 3.  The Court has considered

17  the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and

18  concludes that dismissal is appropriate.  In considering whether to dismiss a case for failure to

19  comply with a court order under Rule 41, the Court considers:  1) the public's interest in

20  expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of

21  prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy

22  favoring disposition of cases on their merits.  *Id.* at 1260-61.

23       **1.  Public's interest in expeditious resolution of the litigation**

24       "The public's interest in expeditious resolution of litigation always favors dismissal."

25  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  This action was filed over a year

26  ago, and has not proceeded beyond screening.  Plaintiff has not made a filing in this action for

27  nearly four months, and has failed to comply with the Court's deadline for filing an amended

28  pleading or respond to the OSC.  This factor weighs in favor of dismissal.  *See Pagtalunan v.*

1    *Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for

2    almost four months, this factor weighs in favor of dismissal.").

3         **2.   Court's need to manage its docket**

4         In evaluating this factor, the trial court "is in the best position to determine whether the

5    delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642.

6    This case has been on the Court's docket for over a year.  The Court has issued three orders and

7    adjudicated motions, despite Plaintiff's failure to even adequately respond to the deficiencies in

8    his motion to proceed IFP.  The Court's need to manage its docket weighs in favor of dismissal,

9    particularly given the heavy caseload in this District.

10        **3.   Risk of prejudice to defendant**

11        In evaluating this factor, the Court considers whether "plaintiff's actions impaired

12   defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the

13   case." *Pagtalunan*, 291 F.3d at 642.  Limited delays and the pendency of a lawsuit are

14   insufficient to establish prejudice.  *Id.*  However, "[u]nnecessary delay inherently increases the

15   risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643.  The Court

16   finds this factor weighs slightly in favor of dismissal.

17        **4.   Availability of less drastic alternatives**

18        The Court has considered the availability of less drastic alternatives.  As detailed above,

19   the Court has previously issued an order to show cause and has cautioned Plaintiff that non-

20   compliance with the Court's order would lead to a recommendation to dismiss the action.  The

21   Court finds that lesser sanctions would be futile given Plaintiff's failure to comply with court

22   orders.  The most severe approach would be to dismiss the action with prejudice, however the

23   Court concludes that the less drastic alternative of dismissal without prejudice is appropriate.

24   This factor weighs in favor of dismissal.

25        **5.   Public policy favoring disposition of cases on the merits**

26        "Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643.

27   This factor generally always weighs against dismissal, and some cases have stated it "strongly

28   counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab.*

3

1  *Litig.*), 460 F.3d 1217, 1228 (9th Cir. 2006).  However, "this factor 'lends little support' to a party

2  whose responsibility it is to move a case toward disposition on the merits but whose conduct

3  impedes progress in that direction." *Id.*  The Court finds this factor weighs against dismissal.

4      III.  **Conclusion**

5      The Court recommends that dismissal is appropriate pursuant to Federal Rule of Civil

6  Procedure 41(b) and Local Rule 110 for Plaintiff's failure to comply with Court orders and failure

7  to prosecute the action.

8      Accordingly, **IT IS HEREBY RECOMMENDED** that:

9  1.  Plaintiff's motion to proceed IFP (ECF No. 2) be DENIED.

10  2.  Plaintiff's motion to vacate (ECF No. 11) be DENIED for the reasons stated in this

11      Court's OSC (ECF No. 12).

12  3.  The action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure

13      41(b) and Local Rule 110 for Plaintiff's failure to comply with Court orders and failure to

14      prosecute the action.

15  4.  The Clerk be directed to enter judgment and close this file.

16      These findings and recommendations are submitted to the United States District Judge

17  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14)**

18  **days after being served with these findings and recommendations**, Plaintiff may file written

19  objections with the court.  Such document should be captioned "Objections to Magistrate Judge's

20  Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file

21  objections within the specified time may waive the right to appeal the District Court's order.

22  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

23      SO ORDERED.

24  DATED: November 17, 2025

25

26      SEAN C. RIORDAN
        UNITED STATES MAGISTRATE JUDGE

27

28

4