UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MATHEW-ALLEN MCCASTER,

Plaintiff,

v.

FRANCHISE TAX BOARD, et al.,

Defendants.

No. 2:24-cv-03161-TLN-SCR

**ORDER**

This matter is before the Court on *pro se* Plaintiff Mathew-Allen McCaster's ("Plaintiff") Motion to Vacate Judgment.  (ECF No. 16.)  No opposition has been filed.  For the reasons set forth below, the Court DENIES Plaintiff's motion.

A detailed recitation of the factual and procedural history is not necessary for disposition of Plaintiff's motion.  Plaintiff commenced this civil rights action seeking relief under 42 U.S.C. § 1983.  (ECF No. 1.)  On December 30, 2025, this Court adopted the magistrate judge's findings and recommendations in full, as Plaintiff had not properly supplemented his motion to proceed in forma pauperis ("IFP"), had not filed a Second Amended Complaint ("SAC"), and failed to respond to the court's order to show cause why the failure to file a SAC and supplement the motion to proceed IFP should not result in the case being dismissed.  (ECF Nos. 13, 14.) Accordingly, the Court denied Plaintiff's motion to proceed IFP (ECF No. 2), denied Plaintiff's

1

motion to vacate (ECF No. 11), and dismissed the case without prejudice for failure to comply with court orders and failure to prosecute the action. (ECF No. 14.) The Clerk of the Court therefore entered judgment and closed the case. (ECF No. 15.)

On February 13, 2026, Plaintiff filed the instant motion to vacate the judgment. (ECF No. 16.) Plaintiff seeks relief under Rule 60(b)(4), arguing the judgment is void because the Court never acquired jurisdiction over the proper party. (*Id.* at 3.)

On motion and just terms, a district court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In the instant case, Plaintiff argues the action was brought by the Mathias El Tribe, appearing in its private capacity through its duly-appointed representative, but the Court cast the matter as an individual pro se action and proceeded on that basis. (ECF No. 16 at 3.) However, as stated by the magistrate judge, the First Amended Complaint ("FAC") alleged that on December 1, 2024, Kern County discontinued Medi-Cal benefits for Plaintiff and his two children and asserted that because this termination occurred during the litigation, it suggested "retaliatory motives." (ECF No. 6 at 3.) Plaintiff also alleged a violation of the Indian Health Care Improvement Act and sought injunctive relief in the form of ordering Kern County "to reinstate Medi-Cal services" for him and his children. (*Id.*) The magistrate judge noted that Plaintiff previously filed an action that sought some of the same relief in this action, but "[t]hat action

purported to be on behalf of the Mathias El Tribe and the complaint alleged no facts and did not seek clear relief." (*Id.* at 5 (citing No. 1:24-cv-00090-KES-CDB).)  The magistrate judge also stated that to the extent Plaintiff sought "to demonstrate that he is the leader of an Indian tribe, he must plead specific facts explaining that role and the tribe's background and not rely on conclusory allegations." (*Id.*)  As Plaintiff failed to file a SAC and failed to respond to the court's order to show cause why the failure to file a SAC and supplement the motion to proceed IFP should not result in the case being dismissed, the Court finds that dismissal was warranted. Plaintiff fails to proffer any specific facts beyond his conclusory allegations of tribal sovereignty which would give rise to any indication that the judgment is void so as to warrant relief under Rule 60(b).

For the foregoing reasons, Plaintiff's motion to vacate judgment is DENIED.  (ECF No. 16.)

IT IS SO ORDERED.

Date: July 7, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3